952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus F. RODRIQUEZ, Defendant-Appellant.
 No. 91-2050.
 United States Court of Appeals, Tenth Circuit.
 Jan. 13, 1992.
 
 Before SEYMOUR, BARRETT and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 Jesus Rodriquez (Rodriquez) appeals his sentence following a jury conviction of guilty in violation of 18 U.S.C. § 287.[1] Rodriquez was sentenced to two months imprisonment and two years of supervised release with two months of home confinement upon release from imprisonment.
 
 
 2
 In 1988, Rodriquez was employed as a border patrol agent in Oceanside, California with the United States Border Patrol when he voluntarily transferred to become a customs inspector with the United States Customs Service (Customs Service) in Deming, New Mexico. In October, 1988, the Custom Service advanced Rodriquez approximately $4,300 to cover his costs of moving to New Mexico. Thereafter, Rodriquez rented a moving truck and, with the help of his father, moved his family's household goods to Deming, New Mexico.
 
 
 3
 The Customs Service subsequently requested Rodriquez to submit a travel voucher and receipts to substantiate the amount he had expended for his move. In answer thereto, Rodriquez (a) falsified a truck rental receipt and submitted it as the expense he had incurred in renting the truck, and (b) falsified a motel receipt and submitted it as the expense he had incurred for temporary quarters at the Mirador Motel in Deming, New Mexico.
 
 
 4
 Rodriquez was charged in a one-count indictment with presenting a claim for relocation expenses "knowing the claim was false and fraudulent in that the amount of his claim exceeded his actual expenses" in violation of § 287. Rodgrigeuz testified at trial. He acknowledged that he had falsified the truck rental and motel receipts. Rodriquez testified, however, that the amounts in the receipts were the amounts that he believed he was entitled to receive.
 
 
 5
 On appeal, Rodriquez contends that his conduct did not violate § 287 and that the district court erred in refusing to give his proffered instruction on the elements of § 287.
 
 
 6
 a.
 
 
 7
 Rodriquez contends that the government failed to prove that he violated § 287 as charged in the indictment; he argues that although the indictment charged that his "claim was false and fraudulent," the government, while presenting evidence that the receipts were false, did not present any evidence that the receipts were fraudulent. Rodriquez argues that inasmuch as the indictment charged him with presenting a claim, knowing that the "claim was false and fraudulent," the government was required to prove that the claim was both false and fraudulent.
 
 
 8
 Rodriquez misconstrues the elements of § 287 and the burden of proof necessary to sustain a conviction under § 287. In United States v. Irwin, 654 F.2d 671, 683 (10th Cir.), cert. denied, 455 U.S. 1061 (1981), we set forth the elements of a § 287 violation:
 
 
 9
 Section 287 prohibits making or representing a claim to any United States agency, knowing that its is 'false, fictitious, or fraudulent.' The disjunctive term 'or' clearly indicates that making any one of the three types of proscribed claims would subject the claimant to criminal liability.... Thus a claim need not be fraudulent so long as it is false or fictitious.
 
 
 10
 In United States v. Kline, 922 F.2d 610, 611 (10th Cir.1990), we set forth the proof necessary to obtain a conviction under § 287:
 
 
 11
 To support a conviction [under § 287], there must be proof (1) that the defendant knowingly made and presented to a department or agency of the United States a false, fraudulent or fictitious claim against the United States, and (2) that the defendant acted with knowledge that the claim was false, fraudulent or fictitious.
 
 
 12
 Inasmuch as Rodriquez acknowledged that he falsified his truck rental and motel receipts and submitted them to the Customs Office, we hold that the evidence supported his conviction under § 287. Rodriquez's contention that the indictment required the government to prove that his claim was both false and fraudulent has been rejected by this court. United States v. Irwin, supra; see also, United States v. Gunter, 546 F.2d 861, 868-869 (10th Cir.1976), cert. denied 430 U.S. 947 (1977) ("It is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.")
 
 
 13
 b.
 
 
 14
 Rodriquez contends that the court erred in refusing to give his proffered instruction on § 287. He argues that the instruction given by the court failed to correctly state the intent required for conviction under § 287. We disagree. The district court did not err when it rejected Rodriquez's proffered instruction and thereafter instructed on § 287 in accordance with United States v. Irwin, supra, wherein we held that § 287 is not a specific intent offense. 654 F.2d at 681.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 § 287 provides: Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title